THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**FILED**

APR **1 7** 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                     CRIMINAL NO.  3:02CR58
                                     (BROADWATER)

CHARLES D. IZAC, JR.

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Pending before the Court is defendant, Charles D. Izac, Jr.'s ("Izac"), Motion for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  After considering Izac's motion, the response of the United States ("Government or the United States"), and the applicable law, the Court now **DENIES** the motion.

### Factual Background

This case came on for trial before the Court and a jury on December 19, 2005.  Izac appeared in person and by his attorneys, Fred Warren Bennett and Barry P. Beck.  The Government appeared through Paul T. Camilletti, Assistant United States Attorney. Izac previously had entered a plea of NOT GUILTY to the one-count indictment that charged him with being a prohibited person unlawfully in possession of a firearm.

Before a person can be convicted of being a prohibited person unlawfully in possession of a firearm in violation of 18 U.S.C. § 922(g)(1),

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

---

> the Government must prove beyond a reasonable
> doubt that (1) the defendant previously had been
> convicted of a crime punishable by a term of
> imprisonment exceeding one year; (2) the
> defendant knowingly possessed, transported,
> shipped, or received, the firearm; and (3) the
> possession was in or affecting commerce, because
> the firearm had traveled in interstate or
> foreign commerce at some point during its
> existence.

United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995), *aff'd.*

United States v. Gilbert, 430 F.3d 215 (4th Cir. 2005).

At trial, Izac's sole defense was the affirmative defense of justification. In United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989), the Fourth Circuit found that a defendant is entitled to the defense of justification if he can prove that he:

> (1) was under an unlawful and present threat
> of death or serious bodily injury;
> (2) did not recklessly place himself in a
> situation where he would be forced to engage
> in criminal conduct;
> (3) had no reasonable legal alternative (to
> both the criminal act and the avoidance of the
> threatened harm); and
> (4) a direct causal relationship between the
> criminal action and the avoidance of the
> threatened harm.

After hearing all the evidence, on December 20, 2005, the jury convicted Izac as charged.

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

### Defendant's Motion for a New Trial

Izac's motion presents four grounds for a new trial. First, he argues that the Court erred in not allowing him to present "state of mind" evidence in support of his justification defense. Second, he alleges that the Court should have given the jury a "missing witness" instruction and allowed him to argue that issue during closing argument. Third, he argues that the Court erred in excluding his wife, Ann Izac, from the courtroom during *voir dire*. Finally, he argues that even if none of these three reasons, on its own, warrants the granting of a new trial, the cumulative effect of the three alleged errors constitutes a denial of his constitutional right to a fair trial.

Whether to grant or deny a motion for a new trial is within the broad discretion of the trial court, whose judgment should be disturbed in only very limited circumstances. See, e.g., United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). The Court will now address each of the defendant's arguments in turn.

### A.   The Court's Denial of Presentation of State of Mind Evidence

During the presentation of Izac's affirmative defense of justification, the Court did not allow him, his wife, or another witness, Jeanne Bryan, to testify as to their interactions with the Izac's neighbor, Billek, prior to November 7, 2001, the date on

which the incident alleged in the indictment occurred. Specifically, Izac sought to introduce evidence of threats he alleged Billek made against his wife; verbal threats Billek made to the Izacs and Ms. Bryan about what he would do should he find their animals defecating on his property; allegations that Billek had fired a pellet gun and hit Izac in the arm; that Izac found a swastika, racial slurs and profanities written on the concrete foundation of his property; the substance of phone calls made to the Izacs by Billek; and the fact that the Izac's dog had to be euthanized because of glass found in its stomach. The Court also denied Izac the opportunity to read into evidence the testimony of Charles Whitenack, deceased, from a previous hearing. Izac had argued that all of this testimony would support the first, second, and third elements of the defense of justification.

Izac argues that the justification defense is very similar to a defense of self-defense, and, further, that federal courts allow "state of mind" evidence in support of a claim of self-defense. See DePetris v. Kuikendall, 239 F.3d 1057, 1062-63 (9th Cir. 2001); United States v. Saenz, 179 F.3d 686, 688-89 (9th Cir. 1999); Government of Virgin Islands v. Carino, 631 F.2d 226, 229-230 (3d Cir. 1980).

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

The Court rejects the argument that the defense of justification is akin to that of self defense. The "state of mind" requirement in self-defense is a reasonable belief that use of force is necessary. <u>United States v. Saenz</u>, 179 F.3d 686, 688 (9th Cir. 1999). That is, the defense of self-defense requires only a subjective belief that force is necessary. The mental requirement of the defense of justification, however, is that the defendant be "under an unlawful and present threat of death or serious bodily injury." <u>Crittendon</u>, 883 F.2d at 330. As the Court stated to the jury in its final charge: "The defendant's perception of this threat is irrelevant; the jury must determine whether such imminent threat of death or serious bodily injury <u>actually</u> existed at the time the defendant possessed the firearm." Thus, unlike the defense of self-defense, the defense of justification requires an *objective* threat of death or serious bodily injury.

Because the testimony Izac sought to elicit at trial as to the interaction he and others had had with Billek prior to November 7, 2001 did not objectively establish whether Izac was "under an unlawful and present threat of death or serious injury" on the date in question, it was inadmissible. Furthermore, pursuant to Federal

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Rule of Evidence 403, the probative value of such testimony was substantially outweighed by the danger of misleading the jury as to the proper mental element of the defense of justification.

Izac further argues that other courts throughout the country have allowed "state of mind" evidence in support of a defense of justification, citing People v. Collier, 303 A.D.2d 1008 (N.Y. App. Div. 2003); People v. Miller, 384 N.Y.S.2d 741, 745 (N.Y. 1976); State v. Taylor, 817 P.2d 488, 491 (Ariz. 1991); and State v. Waller, 816 S.W.2d 212, 217-18 (Mo. 1991).

This argument is unpersuasive. The justification defense utilized in the state cases cited by Izac differs significantly from the justification defense recognized by the Fourth Circuit in Crittendon. In those cases on which Izac relies, the "justification defense" provided by the state statutes is more similar to self-defense since those statutes justify a person's use of physical force against another if he or she "reasonably believes" such force to be necessary to defend himself or herself. See, for example, NY CLS Penal § 35.15 (2006) and A.R.S. § 13-411 (2006). Furthermore, the Waller case involved self-defense rather than justification and also required a "reasonable belief." See § 563.031 R.S.Mo. (2005). As already noted earlier in this opinion, a "reasonable belief" is not a requisite element for the federal defense of justification.

Rather, the test is an objective standard of whether or not there existed an "unlawful and present threat of death or serious bodily injury." <u>Crittendon</u>, 883 F.2d at 330.

The Court finds no error occurred in not allowing the testimony Izac sought to present about previous interactions with Billek, and finds no grounds to grant Izac a new trial based upon such argument.

## B.   The Court's Refusal To Allow the Defendant to Argue "Missing Witness" During Closing Argument

Although he was present in the courthouse and under subpoena by the United States, neither party called the defendant's neighbor, Billek, as a witness in the case. The Court then refused to give a missing witness instruction and to allow the Defendant to argue about the "missing witness" during his closing argument. During his testimony at trial, Izac described in detail his November 7, 2001 encounter with Billek, stating that Billek had threatened him on the day in question and had told him he had a weapon. Izac contends that, had he been allowed to present it, he would have argued to the jury that the Government did not call Billek because it knew Billek could not contradict Izac's testimony as to what had occurred on the date in question.

The Fourth Circuit has upheld a court's decision to deny a defendant the opportunity to argue a "missing witness" in circumstances extremely similar to those presented during Izac's trial. *See* <u>United States v. Brooks</u>, 928 F.2d 1403 (4th Cir. 1991) (upholding the district court's decision denying a defendant the right to comment on a "missing witness" where there was no showing that the witness was missing, where the witness was equally available to both parties and neither chose to call him, and concluding that "[u]nder these circumstances, neither side was entitled to argue to the jury the absence of [the witness] or to draw any inferences from his absence").

No error occurred in denying Izac the opportunity to argue about the "missing witness", and, further, such denial does not constitute grounds to grant his motion for a new trial.

## C.   The Exclusion of Ann Izac from the Courtroom During *Voir Dire*

At the beginning of jury selection, counsel for the Government alerted the Court that the defendant's wife, Ann Izac, who was also scheduled to be called as a defense witness, was seated among the prospective jurors. Counsel for the Government requested that Mrs. Izac be excluded from the courtroom during *voir dire*. The Court

granted the Government's request and ordered Mrs. Izac to remain outside the courtroom until the jury had been chosen.

Both the Fourth Circuit and the United States Supreme Court have recognized the great discretion a trial judge has in conducting *voir dire* to ensure that an impartial panel is seated. *See* <u>United States v. Duncan</u>, 598 F.2d 839 (4th Cir. 1979), and <u>Rosales-Lopez v. United States</u>, 451 U.S. 182 (1981) (finding federal judges are afforded abundant discretion in deciding how best to conduct *voir dire* because the requirement of empaneling an impartial jury lies with the trial judge who must rely on her immediate perceptions).

Taking into consideration the close proximity of a known defense witness to the prospective jurors, the Court made the decision to exclude Mrs. Izac from the courtroom until the jury was seated. This was within its discretion, was necessary to seating a fair and impartial jury panel, and does not constitute error warranting the granting of a new trial.

D.   **The Cumulative Error Doctrine**

Taken cumulatively, numerous harmless errors may result in an unfair trial. <u>See</u> <u>United States v. Munoz</u>, 150 F.3d 401 (5th Cir. 1998); and <u>United States v. Baker</u>, 432 F.3d 1189 (11th Cir. 2005). However, because no single one of the three previously alleged

<u>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**</u>

errors constitutes  error in and of itself, the cumulative error

doctrine is not applicable to the case at hand.

In conclusion, the Court **ORDERS** the Defendant Charles D. Izac,

Jr.'s Motion for a New Trial **(Document 113)** should be and is now

**DENIED**.


The Clerk  is directed to transmit true copies of this Order

to all counsel of record.

**DATED** this _____/7_____ day of April 2006.


**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**