# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES D. IZAC**,

    Petitioner,

v.                                                                       **Crim. Action No. 3:02-CR-58**
                                                                                    **(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER DENYING *PRO SE* MOTION

Presently pending before this Court is petitioner Charles Izac's *pro se* Motion [Doc. 231], filed April 24, 2014. Petitioner's Motion asks this Court, in effect, to review petitioner's sentence; petitioner argues that "points assessed in the history of violence category should be deleted" because certain offenses used to calculate petitioner's "history of violence scoring" should not be considered crimes of violence. As set forth below, this Court construes petitioner's Motion as a successive petition for relief under 28 U.S.C. § 2255, and finds that the petition must be **DISMISSED without prejudice** to petitioner's ability to seek certification to re-file from the United States Court of Appeals for the Fourth Circuit.

**I.**     **Background**

On December 20, 2005, following a two-day trial, a jury found petitioner guilty of one Count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Doc. 107]. On April 17, 2006, this Court sentenced petitioner to 180 months of incarceration and 5 years of supervised release. [Doc. 127]. Petitioner's adjusted

1

offense level reflected this Court's finding that petitioner was an "armed career criminal" within the meaning of United States Sentencing Guideline § 4B1.4. *See* [Doc. 126 at 6–8]. Petitioner appealed his conviction to the Fourth Circuit, which affirmed on July 11, 2007. *See* [Doc. 134].

On May 21, 2008 and June 9, 2008, petitioner filed two Motions to Vacate under 28 U.S.C. § 2255. *See* [Docs. 136, 141]. On August 7, 2008, Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R") [Doc. 150] recommending dismissal of both § 2255 petitions on their merits, which this Court adopted on September 11, 2008. [Doc. 164]. Petitioner appealed to the Fourth Circuit, which denied and dismissed on March 3, 2009. *See* [Doc. 164].

On various dates between August 11, 2010 and September 15, 2010, petitioner filed four applications for relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. *See **Izac v. Norwood***, 2010 WL 3810216 (D. N.J. Sept. 23, 2010). All four applications were dismissed by that court on September 23, 2010. ***Id.***

On June 27, 2011, petitioner filed his third Motion to Vacate under 28 U.S.C. § 2255. *See* [Doc. 169]. On July 19, 2011, Magistrate Judge Seibert issued an R&R recommending that petitioner's third Motion to Vacate be denied for failure to obtain the appropriate pre-filing certification. [Doc. 174]. This Court adopted the R&R on November 10, 2011. [Doc. 178].

On March 1, 2012, petitioner filed an application for relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia. *See **Izac v. United States***, 2012 WL 2192290, at *1 (S.D. W.Va. June 14, 2012). On May 16,

2012, petitioner voluntarily dismissed his petition.  *Id.*

On January 12, 2012, petitioner filed a Motion for Review of Sentence Under 18 U.S.C. § 3742(A).  *See* [Doc. 180].  Petitioner's Motion set forth two grounds for relief, including his allegedly incorrect designation as an armed career criminal.  *Id.*  On September 5, 2012, this Court denied petitioner's Motion, noting specifically with respect to petitioner's armed-career-criminal argument that petitioner had four previous qualifying felonies, more than the three necessary to support the Court's finding.  *See* [Doc. 192].

Petitioner filed his fourth Motion to Vacate under 28 U.S.C. § 2255 [Doc. 184] on August 16, 2012, raising various grounds, including, once again, his allegedly incorrect designation as an armed career criminal.  *See* [Doc. 201 at 4].  This Court dismissed the Motion on December 18, 2012, noting that the Motion was both untimely and unauthorized, given petitioner's failure to obtain the appropriate pre-filing certification.  *Id.* at 5–6.  The instant motion followed.

**II.** **Discussion**

Petitioner designates no federal statute pursuant to which he brings his present motion.  Thus, this Court must first determine how petitioner's Motion should be construed.  Petitioner requests no specific relief other than "deletion" of "points assessed in the history of violence category" in his "record."  Since, at petitioner's sentencing, the characterization of petitioner's previous offenses as "violent felon[ies]" under 18 U.S.C. § 924(e)(2)(B) resulted in his designation as an armed career criminal under Guideline § 4B1.4, it appears that petitioner once again contends that he received an inappropriately enhanced sentence based upon his designation as an armed career criminal.

3

Because petitioner's Motion contends that his sentence was improperly enhanced, § 2255 provides the correct statutory basis for his plea for relief, unless petitioner makes a showing that § 2255 relief is inadequate or ineffective under the § 2255 "savings clause." *See* **United States v. Poole**, 531 F.3d 263, 267 (4th Cir. 2008) (recognizing that petitions arguing unlawful sentence enhancement must proceed under § 2255, not § 2241, unless the savings clause applies). The § 2255 savings clause applies, enabling an otherwise ineligible petitioner to proceed under § 2241, when three elements are met: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) after the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. **In re Jones**, 226 F.3d 328, 333–34 (4th Cir. 2000).

Here, petitioner cannot satisfy the second element of the savings-clause test: he has neither made a showing nor even argued that the conduct underlying his convictions for the offenses used to enhance his sentence has subsequently been deemed noncriminal. Consequently, the petitioner cannot proceed under § 2241, and his instant Motion must be construed as a successive motion for relief under § 2255. **Lansdowne v. Wilson**, 897 F. Supp. 2d 404, 406–07 (E.D. Va. 2012).

Because petitioner's Motion must be construed as a successive motion for relief under § 2255, and because this Court rejected petitioner's first two § 2255 petitions on their merits, the instant Motion may not be brought before this Court unless certified by a panel

4

of the appropriate court of appeals. See 28 U.S.C. § 2244(a); 28 U.S.C. § 2255(h). As no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the Fourth Circuit.

Accordingly, petitioner's petition for relief under 28 U.S.C. § 2255 **[Doc. 231]** is hereby **DISMISSED without prejudice**. Petitioner must obtain certification from the Fourth Circuit, as provided in 28 U.S.C. § 2244, before this Court may consider his § 2255 claim.

It is so **ORDERED**.

The Clerk is directed to mail a true copy of this Order to the *pro se* petitioner and to transmit a copy of this Order to counsel of record.

**DATED:** April 29, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE